UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN A. VELEZ,

                Plaintiff,

-against-

ONEPLUS TECHNOLOGY CO. (SHENZHEN), LTD

                Defendant.

25-CV-2432 (RA) (HJR)

**ORDER**

**HENRY J. RICARDO, United States Magistrate Judge:**

Plaintiff Adrian A. Velez, a Manhattan resident, filed this *pro se* complaint against OnePlus Technology Co. (Shenzhen), Ltd., and alleges facts that may be construed as asserting a product liability claim.[1] ECF No. 1. Plaintiff also moves for appointment of *pro bono* counsel. ECF No. 3. By order dated September 15, 2025, the court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court directs Plaintiff to provide a current address at which Defendant may be served.

## DISCUSSION

**A.   The Court Directs Plaintiff to Provide a Service Address for Defendant**

Plaintiff does not provide an address at which Defendant may be served. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshal Service (USMS) to effect

---

[1] Plaintiff filed this complaint on March 21, 2025. The matter was assigned to Judge Abrams on September 16, 2025, and referred to the undersigned for general pretrial matters on September 26, 2025.

service.² *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). While the court will assist a plaintiff proceeding IFP with effecting service on a defendant, "[i]t is the responsibility of the plaintiff . . . to provide a current address at which service may be effected on each defendant." *Van Arsdol v. Charles*, No. 25-CV-5366, 2025 WL 1808881, at *1 (S.D.N.Y. July 1, 2025) (quoting *Lewis v. Maldonado*, No. 14-CV-0437, 2015 WL 2016174, at *1 (D. Conn. May 1, 2015)); *Sebastian v. Doe*, No. 25-CV-0911, 2025 WL 831588 (S.D.N.Y. Feb. 19, 2025) (same); *see Hunter v. Hill*, No. 04-CV-0920, 2009 WL 483154, at *2 (W.D.N.Y. Feb. 25, 2009) ("[I]t is not the responsibility of the [Court] . . . to provide plaintiffs with the names and addresses of the defendants which they sue.").

The Court therefore directs Plaintiff, within 30 days, to provide the Court with an address at which Defendant may be served. If Plaintiff is unable to comply within the prescribed time, he should file a motion seeking an extension of time.

B.   **The Court Denies Without Prejudice the Motion for *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and

---

² Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

### C.     The Court Refers Plaintiff to the City Bar Justice Center

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with locating a service address for Defendant. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

The Court directs Plaintiff, within 30 days of the date of this order, to provide the Court with a current address at which Defendant may be served. If Plaintiff fails to comply with this order within the time allowed or fails to seek an extension of time to comply, the Court will dismiss the action without prejudice to refiling. A flyer for the City Bar Justice Center's Federal Pro Se Legal Assistance Project is attached to this order. The Court denies without prejudice the motion for *pro bono* counsel, and the Clerk of Court is directed to terminate the motion. ECF No. 3.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: September 29, 2025
      New York, New York

_____
HENRY J. RICARDO
United States Magistrate Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.