UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2025
```

ADRIAN A. VELEZ,

                              Plaintiff,

                -against-

ONE PLUS TECHNOLOGY
(SHENZHEN) CO., LTD.,

                              Defendant.

25-CV-2432 (RA) (HJR)

**<u>ORDER OF SERVICE</u>**

**HENRY J. RICARDO, United States Magistrate Judge:**

Plaintiff, who is appearing *pro se*, filed a second amended complaint, under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, alleging facts suggesting a personal injury claim.  ECF No. 15.  By Order dated September 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1]  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summons issues.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants. Plaintiff is advised that the Marshals Service will not effect service in a foreign country.  If Plaintiff wishes to serve the Defendant in China, he will need to request a new summons and arrange for service at his own cost.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant One Plus Technology (Shenzhen) Co., Ltd., complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

**SO ORDERED.**

Dated:  December 18, 2025
        New York, New York

Henry J. Ricardo
United States Magistrate Judge

2

**SERVICE ADDRESS FOR DEFENDANT**

OnePlus Technology (Shenzhen) Co., Ltd.
c/o OnePlus USA Corp.
2479 E. Bayshore Road, Suite 120
Palo Alto, CA 94303