**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/16/2026__

Adrian A. Velez,

     Plaintiff,

     v.

OnePlus Technology (Shenzhen) Co., Ltd.,

     Defendant.

Case No.: 25-CV-2432(RA)(HJR)

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

It is appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

## 1. Purpose

Discovery in this matter may involve disclosure of confidential, proprietary, private, commercially sensitive, medical, financial, employment, personnel, trade secret, or otherwise protected information. This Order is entered to facilitate discovery while protecting against unauthorized disclosure or misuse of such information.

## 2. Scope

This Order applies to all documents, electronically stored information ("ESI"), deposition testimony, interrogatory answers, admissions, tangible things, and all other information produced, exchanged, or disclosed in discovery in this action, including copies, summaries, notes, and extracts thereof.

## 3. Designation of Confidential Material

A producing party may designate material as "CONFIDENTIAL" if the party reasonably and in good faith believes the material contains:

    1.  trade secrets;

    2.  confidential business or commercial information;

3. proprietary information;

4. private personal information;

5. medical or healthcare information;

6. financial information;

7. personnel or employment records;

8. information protected by statute, regulation, or common law; or

9. other information entitled to confidential treatment.

Documents may be designated by stamping or marking them "CONFIDENTIAL."

Deposition testimony may be designated confidential either:

(a) on the record during the deposition; or
(b) by written notice served within thirty (30) days after receipt of the transcript.

Until expiration of the 30-day period, the entire transcript shall be treated as confidential.

## 4. Use of Confidential Material

Confidential Material shall be used solely for purposes of prosecuting, defending, settling, or attempting to settle this litigation and for no other purpose.

Confidential Material shall not be disclosed except as provided in this Order.

## 5. Persons Who May Receive Confidential Material

Confidential Material may be disclosed only to:

1. the Court and court personnel;

2. counsel of record and their employees;

3. the parties, including officers or employees reasonably necessary to assist counsel;

4. retained experts, consultants, and litigation vendors;

5. court reporters, videographers, and interpreters;

6. witnesses during depositions or testimony where reasonably necessary;

7.  mediators or settlement officers; and

8.  any other person upon written agreement of the parties or order of the Court.

Any person receiving Confidential Material, other than the Court and court personnel, shall be advised of and bound by the terms of this Order.

## 6. Filing Confidential Material

Any party seeking to file Confidential Material with the Court shall comply with all applicable court rules governing sealed filings.

Designation as "CONFIDENTIAL" alone does not entitle material to filing under seal.

## 7. Challenges to Confidentiality Designations

A party may challenge a confidentiality designation at any time by written notice to the producing party.

The parties shall confer in good faith to resolve the dispute.

If no resolution is reached, the challenging party may seek relief from the Court. Until the Court rules otherwise, the material shall retain its confidential designation.

The producing party bears the burden of establishing that the designation is proper.

## 8. Inadvertent Failure to Designate

An inadvertent failure to designate material as confidential shall not waive the right to later designate the material.

Upon receiving notice of the designation, all parties shall treat the material as confidential from that point forward.

## 9. Privileged Material / Clawback

The inadvertent production of material subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity shall not constitute a waiver of that privilege or protection.

Upon written notice of inadvertent production, the receiving party shall promptly return, sequester, or destroy the specified material and any copies thereof, subject to applicable rules governing challenges to privilege claims.

## 10. Use of Confidential Material with Artificial Intelligence Systems

### A. Definitions

For purposes of this Order, "Confidential Material" includes all documents, electronically stored information ("ESI"), deposition testimony, discovery responses, tangible things, summaries, notes, extracts, metadata, and any copies thereof designated confidential pursuant to this Order.

"Public Generative AI Platform" means any publicly accessible or commercially hosted artificial intelligence system, large language model, chatbot, document-analysis tool, image-generation tool, or similar service where information submitted by users may be retained, used for model training, used to improve services, reviewed by human personnel, disclosed to third parties, or otherwise used for the benefit of persons or entities other than the parties to this litigation.

Public Generative AI Platforms include, by way of example and without limitation:

- OpenAI's ChatGPT consumer products;

- Anthropic Claude consumer products;

- Google Gemini;

- Microsoft Copilot consumer products;

- Meta Meta AI;

- xAI Grok;

- Perplexity AI Perplexity;

- Midjourney;

- Stability AI Stable Diffusion-hosted services;

- Character Technologies Character.AI; and

- any similar publicly available generative AI platform or service.

### B. Prohibition on Use of Public Generative AI Platforms

No party, attorney, expert, consultant, vendor, witness, or other person receiving Confidential Material shall upload, input, transmit, disclose, summarize, paraphrase, or otherwise provide Confidential Material to any Public Generative AI Platform.

This prohibition includes, without limitation:

1. uploading documents or images;

2. copying and pasting text from Confidential Material;

3. providing summaries or paraphrases derived from Confidential Material;

4. using Confidential Material as prompts for document review, drafting, summarization, legal analysis, chronology creation, deposition preparation, or trial preparation; and

5. permitting any Public Generative AI Platform to access Confidential Material through integrations, plug-ins, extensions, APIs, cloud-sync functions, or automated workflows.

## C. Permitted Use of Secure or Closed AI Systems

Nothing in this Order shall prohibit the use of a secure, closed, enterprise, self-hosted, or HIPAA-compliant artificial intelligence platform, provided that:

1. the platform does not use the submitted information or documents to train models for non-parties;

2. the platform does not permit access to the information by unrelated third parties;

3. the information remains subject to commercially reasonable administrative, technical, and physical safeguards;

4. the user has a good-faith basis to believe the platform contractually prohibits use of the information for generalized model training or other benefit to non-parties; and

5. use of the platform otherwise complies with this Order and all applicable privacy, data-security, and professional-responsibility obligations.

Permitted systems may include private enterprise implementations of AI tools, self-hosted language models, secure document-review platforms incorporating AI functionality, or HIPAA-compliant environments configured to prevent disclosure or model training using Confidential Material.

## D. Responsibility for Compliance

Counsel of record shall take reasonable steps to ensure compliance with this provision by their employees, experts, consultants, vendors, contract attorneys, litigation-support providers, and any other persons given access to Confidential Material.

## E. Inadvertent Disclosure

If a party learns that Confidential Material has been disclosed to a Public Generative AI Platform in violation of this Order, that party shall promptly:

1. notify all other parties in writing;

2. identify, to the extent reasonably known, the material disclosed and the platform involved;

3. take reasonable steps to delete or remove the information from the platform; and

4. cooperate in good faith regarding reasonable remedial measures.

**F. No Waiver**

Any unauthorized disclosure of Confidential Material to a Public Generative AI Platform shall not constitute a waiver of confidentiality, privilege, work-product protection, or any other applicable protection.

**THE UNDERSIGNED ATTORNEYS FOR DEFENDNAT HAVE ADVISED PRO SE PLAINTIFF TO READ THE FOREGOING STIPULATION AND SEEK ADVICE FROM INDEFENDNAT COUNSEL; THEREFORE, PRO SE PALAINTIFF FULLY UNDERSTANDS IT AND VOLUNTARILY AGREES TO IT.**

Dated: June 15, 2026

_/s/ Adrian A. Velez_
Adrian A. Velez, pro se
28 Henry Street, Apt 19
New York, NY 10002
(718) 864-1244

_Michael Poreda_
Michael A. Poreda, Esq.
200 Broadhollow Road, Suite 207
Melville, NY 11747
Telephone No.: (631) 260-1110
File No: 53941
Attorneys for Defendant

SO ORDERED

Dated: June 16, 2026
New York, New York

HENRY J. RICARDO

United States Magistrate Judge